FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

**OCT 1 8 2006**

IN THE UNITED STATES DISTRICT COURT JAMES N. HATTEN, Clerk
FOR THE NORTHERN DISTRICT OF GEORGIA  *Jefuckr̄* Deputy Clerk
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE, INC. ) ) ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| v. ) ) | NO. ▌ *06 C V 2464* **-CC** |
| COBB COUNTY SCHOOL DISTRICT, ) ) ) | |
| Defendant. ) ) ) ) ) ) ) ) ) | |

## COMPLAINT

COMES NOW Plaintiff Georgia Advocacy Office, Inc. ("GAO"), by and

through counsel, and respectfully alleges as follows:

## INTRODUCTION

1.

Plaintiff brings this action for injunctive and declaratory relief to redress the

Defendant's refusal to permit Plaintiff, the designated Protection and Advocacy

~Doc# 600300.02~

System for the State of Georgia, access to Defendant's classrooms and facilities for the purpose of conducting an investigation of possible abuse and neglect of a child with disabilities by Defendant pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. §§ 15041 et seq., the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§ 10801, et seq., and the Protection and Advocacy for Individual Rights Program of the Rehabilitation Act, 29 U.S.C. § 794e, (hereinafter "P&A Acts").

## JURISDICTION AND VENUE

2.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 as this case arises under the laws of the United States, including, without limitation, 29 U.S.C. § 794e, 42 U.S.C. §10801 et seq., and 42 U.S.C. §§ 15041 et seq.

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendant Cobb County School District is located entirely within Cobb County in the Northern District of Georgia, and the events or omissions giving rise to the claim occurred within this district.

~Doc# 600300.02~

## **PARTIES**

4.

Plaintiff GAO is a private, non-profit Georgia corporation which provides protection and advocacy services to individuals with disabilities. GAO has been designated by the State of Georgia as its protection and advocacy system ("P&A") to protect the legal and human rights of individuals with disabilities in the State of Georgia pursuant to the P&A Acts.

5.

GAO receives federal funding for programs for people with disabilities under the P&A Acts.

6.

Under its federal mandate, the P&A has authority to investigate specific incidents of abuse and neglect and to conduct monitoring activities to ensure respect for the rights and safety of individuals with disabilities. 42 U.S.C. §15043(a)(2); 42 U.S.C. §10805(a).

7.

To fulfill this federal mandate, the P&A must have access to individuals with disabilities at reasonable times in locations in which services, supports, and other assistance are provided and to have access to their records in order to protect

3

~Doc# 600300.02~

the legal and human rights of such individuals. 42 U.S.C. §15043(a)(2); 42 U.S.C.
§10805(a).

8.

Defendant Cobb County School District is a body corporate with the
capacity to sue and be sued.

9.

At all relevant times, Defendant was operating under the color of state law
as a public entity.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.

Defendant Cobb County School District places some of the students
enrolled in the district at a psycho-education center known as the Fitzhugh Lee
Center, which is located at 4400 West Atlanta Road, Smyrna, Cobb County,
Georgia. The Fitzhugh Lee Center is a location where Defendant provides
supports and services to students who have severe emotional and behavioral
disorders who also have autism, neurological impairment, or developmental
disabilities.

4

~Doc# 600300.02~

11.

S. is a minor child who resides with his parents in Cobb County and is enrolled as a student in Defendant Cobb County School District.

12.

S. has been diagnosed with autism and attention-deficit/hyperactivity disorder. S. is a person with a developmental disability as defined by 42 U.S.C. § 15002(8). In addition, S. is considered by Defendant to be a student who has a severe emotional and behavioral disorder.

13.

As a result of the conditions giving rise to his disabilities, S. is in need of supports and services.

14.

S. receives special education and other services at Defendant's Fitzhugh Lee Center.

15.

For a number of months, the GAO has been working with S., his parents, public agencies, and private providers to ensure that S. receives all of the services and supports that are necessary to ameliorate the effects of the disabling conditions he experiences and to secure his rights under applicable state and federal law.

5

~Doc# 600300.02~

16.

In the course of its representation of S., the GAO received information from different sources about the manner in which Defendant's employees were responding to S.'s challenging behaviors at school. Specifically, the GAO received information that Defendant's employees may be engaged in practices that involved the inappropriate and excessive use of restraints and other aversive techniques for modifying or controlling S.'s behavior.

17.

Based upon its knowledge and experience, the GAO believes that persons who have challenging behaviors and complex behavioral support needs are particularly vulnerable to abuse and neglect through the inappropriate and/or excessive use of restraints, segregation, isolation, and application of aversive methods of behavior modification, all of which place such persons at risk of harm, great injury or death.

18.

The GAO considers S. to be a person who has challenging behaviors and complex behavioral support needs who is vulnerable to abuse and neglect through the inappropriate and/or excessive use of restraints, segregation, isolation, and

~Doc# 600300.02~

application of aversives to modify or control his behavior, all of which place him at risk of harm, great injury or death.

19.

GAO received information that Defendant's employees were using a dog leash on S. to restrain and control S.'s behavior.

20.

GAO considered the information it had received in light of its knowledge and experience and made a finding that probable cause exists to believe that S. may have been or is being subject to abuse and neglect at school, and opened an investigation into Defendant's response to S.'s challenging behaviors at school.

21.

GAO planned to observe S. throughout his school day in order to observe the interaction between S. and Defendant's employees and the methods Defendant's employees were using to respond to and address S.'s behavioral needs.

22.

GAO intended to follow its observation with a meeting with S's parents and Defendant's employees at which the ways in which Defendant's employees respond to S.'s behavioral needs would be discussed and further information would be obtained.

7

23.

Depending upon its observation of S. in his classroom and the outcome of its meeting with Defendant's employees, the GAO expected to be better able to determine what further actions might be necessary to remedy any abuse that may have occurred in the past or still may be occurring at school.

24.

The GAO informed Defendant that a representative of GAO would be observing S. throughout his school day and would attend a meeting scheduled by S.'s parents to occur shortly thereafter.

25.

Defendant refused to allow GAO's representative to observe S. at Fitzhugh Lee Center.

26.

GAO informed Defendant of GAO's role as Georgia's P&A and explained in detail its federally mandated access authority for purposes of investigation and monitoring.

27.

In addition, GAO provided Defendant with a copy of the express, written authorization of S.'s parent to allow GAO access to confidential information and

8

records relating to S.

28.

GAO informed Defendant of its finding of probable cause to suspect that S. may be subject to abuse and neglect at school.

29.

Defendant has persisted in its refusal to allow GAO access to S. at

Defendant's Fitzhugh Lee Center for either investigatory or monitoring purposes.

30.

Defendant subsequently refused to reschedule the meeting requested by S.'s

parents and met in the absence of S's parents and GAO as his advocate.

31.

GAO requested a copy of all of the documents created at the meeting, but

Defendant did not provide all of those documents to GAO.

## COUNT I

## VIOLATION OF PROTECTION & ADVOCACY ACTS

32.

The allegations set forth in the numbered paragraphs hereinabove are

incorporated herein as fully as if set forth verbatim.

9

~Doc# 600300.02~

33.

GAO is a "system," as such term is used in the P&A Acts.

34.

Pursuant to 42 U.S.C. §15043(a)(2)(A)(i), a P&A system shall "have the authority to... pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within the State who are or who may be eligible for treatment, services, or habilitation. . . ."

35.

Pursuant to 42 U.S.C. §15043(a)(2)(B), a system shall "have the authority to investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents were reported to the system or if there is probable cause to believe that the incidents occurred."

36.

Pursuant to 42 U.S.C. §15043(a)(2)(H), a system shall "have access at reasonable times to any individual with a developmental disability in a location in which services, supports, and other assistance are provided to such an individual, in order to carry out the purpose of this part. . . ."

10

37.

Pursuant to 42 U.S.C. §15043(a)(2)(I)(i), a system shall "have access to all records of . . . "any individual with a developmental disability who is a client of the system if . . . the individual's legal guardian. . . . has authorized the system to have such access. . . ."

38.

As defined by 45 C.F.R. § 1386.19, "abuse" means "any act or failure to act which was performed, or which was failed to be performed, knowingly, recklessly, or intentionally, and which caused, or may have caused, injury or death to an individual with developmental disabilities, and includes such acts as: Verbal, nonverbal, mental and emotional harassment; rape or sexual assault; striking; the use of excessive force when placing such an individual in bodily restraints; the use of bodily or chemical restraints which is not in compliance with Federal and State laws and regulations or any other practice which is likely to cause immediate physical or psychological harm or result in long term harm if such practices continue."

39.

As defined by 45 C.F.R. § 1386.19, "neglect" means "a negligent act or omission by an individual responsible for providing treatment or habilitation

11

~Doc# 600300.02~

services which caused or may have caused injury or death to an individual with developmental disabilities or which placed an individual with developmental disabilities at risk of injury or death, and includes acts or omissions such as failure to: establish or carry out an appropriate individual program plan or treatment plan. . . [or] failure to provide a safe environment which also includes failure to maintain adequate numbers of trained staff."

40.

In addition, 45 C.F.R. § 1386.19 defines "probable cause" as "a reasonable ground for belief that an individual with developmental disabilities has been, or may be, subject to abuse or neglect. The individual making such a determination may base the decision on reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems that are usually associated with abuse or neglect."

41.

As described above, the GAO requested access to S. at his school pursuant to the P&A Acts.

42.

Defendant has refused to allow GAO to have access to S. at his school.

12

43.

As a result of Defendant's violations of the P&A Acts, GAO is prohibited

from fulfilling its mandate under Federal law and is suffering irreparable injury.

## COUNT II

## VIOLATION OF 42 U.S.C. § 1983

44.

The allegations set forth in the numbered paragraphs above are incorporated

herein as fully as if set forth verbatim.

45.

GAO's right to access individuals with disabilities in the locations in which

they receive services and to access records of such individuals are rights secured

by the laws of the United States, including, but not limited to, the P&A Acts.

46.

In violation of 42 U.S.C. § 1983, Defendant has subjected GAO to a

deprivation of GAO's rights under color of a statute, ordinance, regulation, custom,

or usage of the State of Georgia.

47.

As a result of Defendant's deprivation of GAO's rights, the GAO is

13

suffering irreparable injury.

48.

Pursuant to 42 U.S.C. § 1988, GAO should recover a reasonable attorney's fee as part of its costs for taking action to enforce Section 1983.

**WHEREFORE**, Plaintiff GAO prays that the Court will grant the following relief:

1. Declare that Defendants have violated the rights of Plaintiff under P&A Acts by unreasonably restricting Plaintiff's access to S., an individual with developmental disabilities, at the location where Defendant provides special education services to him, i.e, Fitzhugh Lee Center;

2. Preliminarily and permanently enjoin Defendant and its successors from denying Plaintiff any and all future access to individuals with disabilities in the locations where Defendant provides services to them as required by the P & A Acts;

3. Award Plaintiff a reasonable attorney's fee pursuant to 42 U.S.C. § 1988(b); and

4. Provide such other and further relief as the Court may deem just and proper.

14

This 13th day of October, 2006.

Joshua H. Norris
Georgia Bar No. 545854
Paula Rafferty Miller
Georgia Bar No. 591756

Attorneys for Plaintiff
Georgia Advocacy Office, Inc.

Georgia Advocacy Office, Inc.
150 E. Ponce de Leon Avenue
Suite 430
Decatur, GA 30030
(404) 885-1234
Fax (404) 378-0031

15

~Doc# 600300.02~