FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 0 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COBB COUNTY SCHOOL DISTRICT, ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br><br> NO. 1:06-cv-2464-CC |

## FINAL CONSENT DECREE, JUDGMENT AND ORDER

It appearing to this Court that Defendant COBB COUNTY SCHOOL DISTRICT has consented to this entry of this Consent Judgment, and that Plaintiff GEORGIA ADVOCACY OFFICE, INC., has determined that this Consent Judgment is a fair and equitable resolution of the Complaint,

IT IS HEREBY AGREED, ORDERED, ADJUDGED, AND DECREED as follows:

## I. JURISDICTION

This Court has jurisdiction over the Parties and of the subject matter in this action.

## II. VENUE

Venue as to all matters between the parties related hereto lies in this Court.

## III. ACCESS TO FACILITIES

1. Defendant Cobb County School District (hereinafter "District") acknowledges that Plaintiff Georgia Advocacy Office, Inc. (hereinafter "GAO") has a right to reasonable unaccompanied access in its schools and other locations in which the District provides services to individuals with disabilities (collectively, hereinafter "Facilities") at reasonable times for purposes of investigation, general inspection, monitoring purposes, or for information and training as specified under its various statutory and regulatory authorities (hereinafter P&A Acts).

2. For investigation purposes, reasonable times for GAO's access to District Facilities shall include, at a minimum, all times necessary to conduct a full investigation. For all other purposes, reasonable times shall include, at a minimum, the normal hours the facilities are open for any reason.

3. GAO will specifiy whether an investigation was triggered by a "complaint" or a "determination of probable cause." It is not required that GAO "certify" or otherwise specify the factual bases upon which a determination of probable cause may be made.

4. GAO shall provide, by facsimile to the District's Assistant Superintendent of Special Student Services, notice of its intent to access District Facilities. This notice shall include information such as the location, the approximate time of arrival, general purpose, and approximate number of authorized agents.

5. The GAO recognizes that the District offers educational and other programming to students, and will attempt to conduct its activities in such a way as to minimize interference with programming offered by the District, including educational classes. GAO agrees that it will wait until a scheduled break to speak with particular students when they are actively engaged in programming offered by the District unless GAO has been specifically authorized by the student's parent or guardian to remove that student during educational programming or if circumstances necessitate immediate access to a student and such circumstances have been communicated to the Assistant Superintendent of Special Student Services.

6. Nothing contained herein is intended to limit GAO from monitoring the District's compliance with the special education rights of students with disabilities enrolled anywhere in the District.

7. GAO issues either specific letters of authorization or picture identification cards to all agents to whom it has given authorization to utilize its access authorities under the P&A Acts, and GAO's agents will have evidence of their authority in one of these forms whenever seeking access to District Facilities.

8. When District Facilities have appropriate private spaces for use by GAO's agents, the District shall make such space available upon GAO's request. This provision is intended to provide GAO with an opportunity to conduct interviews of students, staff, or others in confidence. GAO acknowledges that private rooms may not always be available.

9. This order shall in no way imply special agreement or waiver of rights as to liability for injury, death, assault, or other incidents occurring to GAO's agents or other persons within any District Facilities.

10. The Parties agree that the case file in this matter shall be sealed and that the allegations contained in these pleading shall remain confidential. The Parties recognize that a major factor in entering into this Consent Decree is

to maintain the privacy and confidentiality of the allegations contained in the pleadings filed in this matter. However, nothing in this Consent Decree shall prevent either party from reporting these allegations to any state or federal enforcement agency. This Consent Decree may remain public, with the aforementioned understanding.

## IV. ENFORCEMENT PROVISION

In the event that the District denies the GAO access to a school, the District shall provide to the GAO a written reason for the delay or denial. GAO agrees to evaluate the reason given by the District and will attempt to resolve the District's objection. If a discussion cannot be arranged within three (3) days, or if no resolution is reached after discussion, GAO is entitled to seek immediate judicial enforcement of this Consent Decree, Judgment, and Order.

## V. SCOPE OF SETTLEMENT

Plaintiff and Defendant agree that this Consent Decree, Judgment, and Order resolves all claims set forth in the Complaint against Defendant. This Consent Decree, Judgment, and Order represents the Parties' agreement as to the interpretation of the provisions of the existing federal laws and regulations implicated heretofore. The parties acknowledge that the laws or regulations or

judicial interpretation thereof may change in ways that expand or contract the rights of the parties.

This resolution of claims will release Defendant from any and all claims by the GAO which could have or should have been raised in the subject Complaint. This Consent Decree, Judgment, and Order does not prevent Plaintiff from pursuing legal action in behalf of any individual with developmental disabilities, mental illness, or other disability as described in the P&A Acts.

The parties to this agreement agree that, by signing this Consent Decree, Judgment, and Order, they have resolved all pending motions against each other. The parties agree that this Consent Decree, Judgment, and Order may be signed by counterparts, each of which shall be deemed an original.

SO ORDERED, this 22nd day of ~~January~~ February 2007.

_____
CLARENCE COOPER, JUDGE
UNITED STATES DISTRICT COURT

STIPULATED AND AGREED TO BY THE PARTIES:

COBB COUNTY SCHOOL DISTRICT

By: _____
     Fred Sanderson, Superintendent


GEORGIA ADVOCACY OFFICE, INC.

By: _____
     Ruby Moore, Executive Director


CONSENTED TO AS TO FORM:

_____
Joshua H. Norris, Esq.
Georgia Bar No. 545854
Paula Rafferty Miller, Esq.
Georgia Bar No. 591756
Counsel for Georgia Advocacy Office
150 E. Ponce de Leon Ave.
Decatur, GA 30030
(404) 885-1234

_____
Neeru Gupta
Georgia Bar No. 315745

Brock, Clay, Calhoun & Rogers, P.C.
49 Atlanta Street
Marietta, GA 30060
(770) 422-1776
Counsel for Cobb County School District